UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA LUMAWAG SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-02785 (UNA) |
| ) | |
| DHHS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's *pro se* complaint, ECF No. 1, application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and motion for emergency order, ECF No. 3. The court will deny the motion, grant the IFP application, and dismiss the complaint without prejudice to refiling. *See* 28 U.S.C. §1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Washington, D.C., sues the United States Department of Health and Human Services ("DHHS"), and as far as it can be understood, also sues the Delaware Department of Child Support Enforcement ("Delaware DSCE"). Plaintiff's claims are essentially two-fold. First, she contests a flight restriction that DHHS has placed on her passport. While it is not entirely clear, it seems that DHHS has allegedly issued this flight restriction because of plaintiff's purported child support arrears, which plaintiff insists that she does not owe. She seemingly maintains that the Supreme Court of Delaware reversed any child support obligations that she once owed her ex-husband, and in fact, her ex-husband is now indebted *to her* for unpaid alimony. Second, she takes issue with the Supreme Court of Delaware's alleged continued refusal to transfer that same domestic matter to Superior Court for the District of Columbia.

Aside from passing references to the Due Process Clause, plaintiff fails to cite to any legal authority upon which she relies. As to her claims against DHHS, the court finds that, under the

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, a court may (1) "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), or (2) "hold unlawful and set aside agency action" that is, among other things, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," *id.* § 706(2).  If plaintiff seeks to challenge the flight restriction issued by DHHS, there is no indication that she has received a "final agency action" as required by statute.  *See* 5 U.S.C. § 704.  Plaintiff states that she went to a meeting with the "Washington Passport Agency" to obtain an emergency passport, but there is no indication that she has actually administratively challenged the restriction with the appropriate federal agency. Without a final agency decision, plaintiff may not seek relief pursuant to Section 706(2), as seeking relief from this court would be premature.  *See FTC v. Standard Oil Co.*, 449 U.S. 232, 241 (1980); *Sw. Airlines Co. v. DOT*, 832 F.3d 270, 275 (D.C. Cir. 2016).

Alternatively, if plaintiff seeks to compel DHHS to act, it is unclear why the agency is obligated to do so.  A claim under Section 706(1) "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is required to take." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original).  As noted, there is no indication that plaintiff has challenged the flight restriction with the issuing agency.  "[T]he only agency action that can be compelled under the APA is action *legally required*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original).  Consequently, plaintiff has failed to state a claim against DHHS.

Next, plaintiff's claims against the Delaware DSCE cannot survive because this court cannot exercise subject matter jurisdiction over them.  *See generally* 28 U.S.C. §§ 1331, 1332. Domestic cases, including those involving issues of custody, child support, and alimony, must be contested in the relevant local court where the proceedings were held.  *See Lassiter v. Department*

of Social Services*, 452 U.S. 18, 25 (1981) (no constitutional right to counsel in civil actions where plaintiff's personal liberty is not at stake); *see also Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (child custody issues uniquely suited to resolution in local courts). "Events may not have unfolded as Plaintiff wished, but h[er] dissatisfaction . . . [does] not form a basis" for a constitutional violation, *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). Moreover, federal district courts generally lack jurisdiction to review or interfere with judicial decisions by state courts, like the Supreme Court of Delaware, or District of Columbia Superior Court. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Therefore, plaintiff must pursue the transfer of her domestic case in those local courts, and not in this District.

Finally, plaintiff's motion for emergency order seeks substantially similar relief. More specifically, she asks this court to (1) "have [her] passport released," (2) to order the transfer of the domestic matter from Delaware to the District of Columbia because the Delaware DSCE has "violate[d] court orders," and (3), grant her a new and "fair trial" regarding her child support obligations, if any. For the same reasons explained above, this court cannot provide such relief; plaintiff has failed to state a claim, as currently pleaded, against DHHS as to her passport restrictions, and this court cannot exercise jurisdiction over her Delaware domestic matter. The motion is therefore denied. Consequently, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

DATE: October 28, 2022                       _____s/s_____
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge